# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MIQWON LEACH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5900 Joe H. Walker, Judge**

————————

**No. W2004-02336-CCA-R3-HC  - Filed May 25, 2005**

————————

The Petitioner, Miqwon Leach, appeals the trial court's dismissal of his petition seeking habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ. joined.

Miqwon Deon Leach, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

An Obion County jury found the Petitioner, along with his two co-defendants, guilty of conspiracy to commit second degree murder, second degree murder, and first degree felony murder. *See State v. Clarence Carnell Gaston, Miqwon Deon Leach, and Mario Deangelo Thomas*, No. W2001-02046-CCA-R3-CD, 2003 WL 261941, *1 (Tenn. Crim. App., at Jackson, Feb. 7, 2003),

1

*perm. to appeal denied*, (Tenn. Sept. 2, 2003). Each defendant was sentenced to life without the possibility of parole for the first-degree murder conviction. *Id.* The trial court merged the second degree murder conviction into the conviction for first degree murder. *Id.* The defendants were sentenced to eight years for the conspiracy conviction. *Id.* The convictions and sentences were affirmed by this Court on direct appeal. *Id.*

On September 2, 2004, Petitioner Leach filed a petition for habeas corpus relief in the Lauderdale Circuit Court. As grounds for relief, Petitioner alleged that his convictions are void because (1) the trial court lacked jurisdiction to read the jury charges submitted during the trial, (2) the trial court gave erroneous and unclear law in the jury charge prejudicing the Petitioner, and (3) the trial court lacked jurisdiction to sentence Petitioner to life imprisonment for second degree murder. On September 14, 2004, the trial court denied habeas corpus relief. In doing so, the trial court found that "petitioner's sentence has not expired and the court had jurisdiction to sentence the defendant to such sentence." The trial court noted that, "[p]rocedural due process violations and other alleged violations of constitutional rights are addressed in post-conviction, not habeas corpus proceedings."

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted).

First, Petitioner complains that the trial court lacked the authority to impose a sentence of life without the possibility of parole for second degree murder. The trial court did not impose such a sentence. The sentence of life without parole was imposed as a result of his conviction for first-degree murder, a lawful sentence for this conviction. The trial court merged the second degree murder conviction into the conviction for first degree murder, rendering any challenge to the conviction for second degree murder moot.

Next, Petitioner contends that his convictions are void because the trial court gave the jury erroneous instructions on the lesser-included offenses of conspiracy to commit first-degree murder and first-degree murder. Petitioner's challenges to the jury instructions, even if proven, would render the convictions voidable, and not void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Thus, these claims are not cognizable in a habeas corpus proceeding. The

2

Petitioner has failed to establish any ground that would entitle him to habeas corpus relief. Rather, these allegations would merely render the judgments voidable. As the Petitioner admits that he has previously filed a petition for post-conviction relief, the petition cannot be treated as a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-102(c).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE